UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:20-CR-2-TBR

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

BRANDON DEMAR SMITH,                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Brandon Demar Smith's Motion for

Reconsideration. [DN 24]. The Government responded. [DN 28]. Defendant did not reply and the

deadline to do so has passed. [*See* DN 27]. This matter is ripe for adjudication. For the reasons set

forth herein, Defendant's Motion for Reconsideration, [DN 24], is DENIED.

## BACKGROUND

On July 6, 2019, Kentucky State Police officers allegedly observed Defendant's vehicle

traveling over the speed limit. The officers conducted a traffic stop and a K9 unit ran a dog around

Defendant's vehicle. The dog alerted on the vehicle and Defendant was detained. Officers found

$6,000 on Defendant's person and a loaded firearm in the vehicle. Defendant was charged in Todd

Circuit Court with (1) speeding five miles per hour over the limit; (2) reckless driving; (3) being a

convicted felon in possession of a handgun; (4) using restricted ammo during a felony; and (5)

being a persistent felony offender. The next day, Defendant posted a $1,200 cash bond.

On July 10, 2019, Hopkinsville police officers allegedly observed Defendant driving a

vehicle without wearing a seatbelt. When officers attempted to stop Defendant, he fled. Defendant

ran a red light and collided with a passenger car containing two adults and two children. Defendant

then exited his vehicle and attempted to flee on foot with a firearm in hand. Defendant was

ultimately apprehended, and officers found $8,000 on his person. Defendant was charged in

1

Christian Circuit Court with (1) being a convicted felon in possession of a handgun; (2) tampering with physical evidence; (3) four counts of wanton endangerment; (4) fleeing or evading police; (5) enhanced possession of a controlled substance; and (6) failure to wear a seat belt.

On January 15, 2020, Defendant was indicted in federal court on one count of being a felon in possession of a firearm during the July 10th incident. [DN 1]. On April 28, 2020, Magistrate Judge King conducted a detention hearing and found that the Government provided (1) clear and convincing evidence that no condition or combination of conditions of release would reasonable assure the safety of any other person and the community and (2) a preponderance of evidence that no condition or combination of conditions of release would reasonable assure Defendant's appearance as required. [DN 21 at 40]. The Magistrate Judge listed the following reasons for detention: (1) weight of evidence against Defendant is strong; (2) subject to lengthy period of incarceration if convicted; (3) prior criminal history; (4) participation in criminal activity while on probation, parole, or supervision; (5) history of violence or use of weapons; and (6) prior attempts to evade law enforcement. *Id.* Additionally, the Magistrate Judge provided the following explanation in support of pre-trial detention:

> The Defendant was convicted of receiving stolen property (firearm) in 2012. On July 6, 2019, the Defendant was charged with convicted felon in possession of a firearm, and posted bond the next day. The instant federal charges arise from an incident just three days later. The evidence is strong that the Defendant fled from police in his vehicle, struck another vehicle causing injuries, exited his vehicle and ran from police, and possessed a loaded handgun with a round in the chamber during his attempt to flee. Given his history of fleeing and evading arrest and resisting arrest, coupled with the significant amount of time he faces if convicted, the Court finds a risk of flight. Given his history of firearm charges, including the instant offense allegedly committed while on bond for a firearm offense, the Court finds that the Defendant is a danger.

*Id.* at 41. On May 22, 2020, Defendant filed the Motion to Reconsider the Order of Detention currently before the Court. [DN 24].

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(b), "if a person is ordered detained by a magistrate judge ... that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." "While the Sixth Circuit has not adopted a specific standard under which a magistrate judge's detention order should be reviewed, this Court and others within the Sixth Circuit have used the *de novo* standard." *United States v. Gwathney-Law*, No. 1:15-CR-00030-GNS-1, 2017 WL 2609044, at *1–2 (W.D. Ky. June 15, 2017) (citing *United States v. Loveland*, No. 3:11-CR-91, 2011 U.S. Dist. LEXIS 116049, at *2, 2011 WL 4738560 (W.D. Ky. Oct. 7, 2011)); *United States v. Goodwin*, No. 3:15-CR-101-DJH, 2015 U.S. Dist. LEXIS 142930, at *5–6, 2015 WL 6386568 (W.D. Ky. Oct. 21, 2015); *United States v. Watkins*, No. 13-02-KSF, 2013 U.S. Dist. LEXIS 22123, 2013 WL 614252 (E.D. Ky. Feb. 19, 2013)). Additionally, "[s]ister courts have also chosen not to hold new hearings when the moving party asked for revocation based on the same evidence presented to the magistrate judge." *Goodwin*, 2015 WL 6386568, at *2 (citing *United States v. McGowan*, No. 5:13-123, 2013 WL 5743912, at *1 (E.D. Ky. Oct. 23, 2013)); *see also Gwathney-Law*, 2017 WL 2609044, at *1–2 (W.D. Ky. June 15, 2017). Neither party has put forth additional evidence or information in support of detention or release. Accordingly, there is no need for a hearing on this matter and the Court will rely on the Pretrial Services Report and the parties' briefings. Additionally, the Court reviewed a rough draft of the transcript from the detention hearing.

The Court must determine whether a "condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).[1] In making this determination, the Court considers:

---

[1] Although Defendant claims that "the United States alleged and the Court ultimately found, 18 U.S.C. 3142(e)(3) creates a rebuttable presumption," [DN 24 at 47], that pretrial detention is warranted, Magistrate Judge King "did not find that a rebuttable presumption applied in this particular case and the United States conceded that point." [DN 28 at 63].

1) the nature and circumstance of the offense; 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g)(1)-(4). "If the Court concludes that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community,' then the person shall be detained prior to trial." *United States v. English*, No. 1:15-CR-00017-GNS, 2015 WL 9307326, at *2 (W.D. Ky. Dec. 21, 2015) (citing 18 U.S.C. § 3142(e)).

## DISCUSSION

First, the Court must consider the nature and circumstances of the charged offense. In this case, Defendant was charged with one count of being a felon in possession of a firearm after being found with a loaded firearm merely three days after being released on bond on a separate firearm charge. Moreover, at the time of the instant offense, Defendant was charged with a host of other crimes in state court, including fleeing and evading the police and four counts of wanton endangerment. Accordingly, the Court finds that the nature and circumstances of the charge weigh in favor of detaining Defendant.

Next, the Court will consider the weight of the evidence against Defendant. In the Motion for Reconsideration, Defendant argues that the Magistrate Judge's finding that the weight of the evidence against the Defendant was strong was erroneous because the Constitution requires a court to presume a defendant's innocence prior to trial. [DN 24 at 47]. However, "[t]he Sixth Circuit has clarified that § 3142(g)(2) 'goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt.'" *Goodwin*, 2015 WL 6386568, at *3 (W.D. Ky. Oct. 21, 2015) (quoting *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010)). As previously discussed, at the time of the charged offense, Defendant allegedly fled from police officers in his vehicle, ran

a red light, and hit another vehicle containing two adults and two children. Defendant then continued to flee on foot while holding a loaded firearm. Based on this conduct, there is substantial reason to believe that Defendant would not appear at trial if released and that Defendant poses a danger to the community. Thus, this factor weighs in favor of detention.

Third, the Court must consider the Defendant's history and characteristics. In 2011, Defendant pled guilty to trafficking in marijuana and possession of drug paraphernalia. He was sentenced to jail time and two years unsupervised probation. In 2013, Defendant pled guilty to receiving a stolen firearm, a felony, and carrying a concealed deadly weapon. He was sentenced to three years in prison, but shortly thereafter received shock probation. Later that year, Defendant pled guilty to possession of marijuana and was sentenced to twenty-nine days in jail. In 2014, Defendant pled guilty to possession of a controlled substance, possession of marijuana, possession of drug paraphernalia, resisting arrest, and disorderly conduct. He was sentenced to jail time and unsupervised probation, but was released on shock probation. While on shock probation, Defendant pled guilty to promoting contraband and was sentenced to 180 days in jail and community service. In 2017, Defendant pled guilty to harassment and was sentenced to time served. Finally, on July 6, 2019, Defendant was charged with speeding, reckless driving, being a convicted felon in possession of a handgun, using restricted ammo during a felony, and being a persistent felony offender. Defendant posted bond with the condition that he would not violate any local, state, or federal laws and agreed to attend all court appearances. Three days later, Defendant allegedly committed the instant offense.

Additionally, the Court notes that during 2018 and 2019, Defendant worked at Pro Prints in Nashville, Tennessee. He reports no other significant prior employment history due to being incarcerated pursuant to the charges listed above. The Pretrial Services Record also indicates that

Defendant enjoys familial support and if released, he intends to live with his mother in Davison County, Tennessee. Although Defendant appears to have the support of his family, the Court finds that his prior criminal history, participation in criminal activity while on probation, history of firearm offenses, and prior attempts to resist or evade law enforcement weigh in favor of pre-trial detention.

Finally, the Court will consider the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. As previously discussed, Defendant exhibited a disregard for public safety when he allegedly ran a red light, hit a passenger vehicle carrying a family, and continued to evade police on foot while holding a loaded firearm, in violation of the terms of his bond. Accordingly, this factor weighs in favor of detention.

Based on the foregoing, the Court finds that Defendant is not entitled to pretrial release because there are no conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. Accordingly, Defendant's Motion for Reconsideration, [DN 24], is DENIED. Additionally, the Motion for Reconsideration requests the Court set a trial date in compliance with the Speedy Trial Act of 1974. The parties will discuss a trial date during the telephonic conference scheduled for June 15, 2020 at 9:15 AM.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Defendant's Motion for Reconsideration, [DN 24], is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

CC: Attorneys of Record

June 9, 2020

6