UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:20-CR-2-TBR

UNITED STATES OF AMERICA,                                                            PLAINTIFF

v.

BRANDON DEMAR SMITH,                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Brandon Demar Smith's *pro se* Motion for Pretrial Release and Motion for Speedy Trial. [DN 34]. The Government has responded. [DN 37, 38]. These matters are ripe for adjudication. For the reasons stated herein, Defendant's Motion for Pretrial Release and Motion for Speedy Trial, [DN 34], are DENIED.

**BACKGROUND**

On January 15, 2020, Defendant was indicted in federal court on one count of being a felon in possession of a firearm. [DN 1]. On April 28, 2020, Magistrate Judge King conducted a detention hearing and found that the Government provided (1) clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and (2) a preponderance of evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required. [DN 21 at 40]. Based on these findings, Magistrate Judge King ruled that Defendant shall be detained pending trial. [DN 21]. On May 22, 2020, Defendant filed a motion for reconsideration of the detention order, [DN 24], which the Court subsequently denied, [DN 29]. Now, Defendant has filed a *pro se* motion requesting release due to COVID-19 and asserts that his right to a speedy trial has been violated. [DN 34].

**DISCUSSION**

### I. Motion for Release

#### A. Legal Standard

Pursuant to 18 U.S.C. § 3145(b), "if a person is ordered detained by a magistrate judge ... that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." "While the Sixth Circuit has not adopted a specific standard under which a magistrate judge's detention order should be reviewed, this Court and others within the Sixth Circuit have used the *de novo* standard." *United States v. Gwathney-Law*, No. 1:15-CR-00030-GNS-1, 2017 WL 2609044, at *1–2 (W.D. Ky. June 15, 2017) (citing *United States v. Loveland*, No. 3:11-CR-91, 2011 U.S. Dist. LEXIS 116049, at *2, 2011 WL 4738560 (W.D. Ky. Oct. 7, 2011)); *United States v. Goodwin*, No. 3:15-CR-101-DJH, 2015 U.S. Dist. LEXIS 142930, at *5–6, 2015 WL 6386568 (W.D. Ky. Oct. 21, 2015); *United States v. Watkins*, No. 13-02-KSF, 2013 U.S. Dist. LEXIS 22123, 2013 WL 614252 (E.D. Ky. Feb. 19, 2013)). The Court must determine whether a "condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making this determination, the Court considers: (1) the nature and circumstance of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g)(1)-(4). "If the Court concludes that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community,' then the person shall be detained prior to trial." *United States v. English*, No. 1:15-CR-00017-GNS, 2015 WL 9307326, at *2 (W.D. Ky. Dec. 21, 2015) (citing 18 U.S.C. § 3142(e)).

#### B. Discussion

Defendant's sole reason for release is the current COVID-19 pandemic. He has not argued or provided the Court with any information that materially changes Magistrate Judge King's finding that there are no conditions of release that will reasonably assure his appearance or the safety of any other person and the community. Although not explicitly stated, Defendant is arguing there is now a compelling reason for his release. 18 U.S.C. §3142(i) states: "[t]he judicial officer may . . . permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another compelling reason." "A defendant bears the burden of establishing circumstances warranting temporary release under § 3142(i)." *United States v. Clark,* No. 19-40068-01-HLT, 2020 WL 1446895, *2 (D. Kan. Mar. 25, 2020).

"Courts have typically granted relief under § 3142(i) only sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *Id.* (citing *United States v. Hamilton,* No. 19-CR-54-01, 2020 WL 132036, *2 (E.D. N.Y. Mar. 20, 2020). Recently, the District Court of Kansas conducted an in-depth review of cases addressing whether defendants should be released from custody in response to COVID-19:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that determination, the undersigned will evaluate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

*Id.* at *3.

### i. Original Grounds for Pretrial Detention

On April 28, 2020, Magistrate Judge King conducted a detention hearing and found that the Government provided (1) clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and (2) a preponderance of evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required. [DN 21 at 40]. Magistrate Judge King listed the following reasons for detention: (1) weight of evidence against Defendant is strong; (2) subject to lengthy period of incarceration if convicted; (3) prior criminal history; (4) participation in criminal activity while on probation, parole, or supervision; (5) history of violence or use of weapons; and (6) prior attempts to evade law enforcement. *Id.* Additionally, Magistrate Judge King provided the following explanation in support of pretrial detention:

> The Defendant was convicted of receiving stolen property (firearm) in 2012. On July 6, 2019, the Defendant was charged with convicted felon in possession of a firearm, and posted bond the next day. The instant federal charges arise from an incident just three days later. The evidence is strong that the Defendant fled from police in his vehicle, struck another vehicle causing injuries, exited his vehicle and ran from police, and possessed a loaded handgun with a round in the chamber during his attempt to flee. Given his history of fleeing and evading arrest and resisting arrest, coupled with the significant amount of time he faces if convicted, the Court finds a risk of flight. Given his history of firearm charges, including the instant offense allegedly committed while on bond for a firearm offense, the Court finds that the Defendant is a danger.

*Id.* at 41. On May 22, 2020, Defendant filed a motion to reconsider the detention order. [DN 24]. The Court reviewed the detention order under the *de novo* standard and found that Defendant is not entitled to pretrial release because there are no conditions of release that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. [DN 29]. The Court finds that the reasons for Defendant's pretrial detention as set forth in its prior

memorandum opinion and order are still present. Accordingly, this factor weighs against Defendant's release.

### ii. The Specificity of Defendant's COVID-19 Concerns

The Centers for Disease Control and Prevention has stated those that are 65 years or older, have lung, heart, kidney, liver, or autoimmune conditions, or are diabetic are at a greater risk of becoming seriously ill as a result of COVID-19. Defendant does not state he has any of these specific conditions. Rather, he provides:

> If contracted I don't know how my body will react or if I will live or die. There is no facility that is safe from these risks. There is great risk I could be infected. I have had respiratory sickness since I was a child. I easily can get Croup, which directly affects my lungs. I had to sleep with a humidifier as a child.

[DN 34 at 82]. In response to Defendant's Motion, the Government has provided the Crittenden County Detention Center's Pandemic Preparedness Policy. It includes measures addressing pandemic preparedness, personnel practices, prevention, staff screening, prisoner screening, and facility cleaning, disinfecting, and hygiene. [DN 37-2]. Additionally, Defendant has not argued that there are currently any confirmed cases at his facility. He has only stated general fears about contracting the virus while in jail. "[A] defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation." *Clark*, 2020 WL 1446895, at *3. Although the Court recognizes the seriousness of the pandemic, Defendant's general fears about potentially contracting the virus cannot, alone, suffice. Other courts have found where facilities are taking similar steps and the defendant does not show there are any confirmed cases in the facility release is not warranted. *See United States v. Pruitt,* No. 17-cr-20183-4, 2020 WL 1698661, (E.D. Mich. Apr. 8, 2020); *United States v. Veras,* No. 3:19-CR-010, 2020 WL 1675975, (M.D. Pa. Apr. 6, 2020).

### iii. The Extent to Which the Proposed Release Plan is Tailored to Mitigate or Exacerbate Other COVID-19 Risks to the Defendant

"[T]he proposed temporary release plan should be tailored to mitigate the defendant's overall COVID-19 risks, not exacerbate them. Thus, the court evaluates the extent to which the proposed release plan is tailored to mitigate or exacerbate the defendant's overall COVID-19 risks." *Clark*, 2020 WL 1446895, at *6. Here, Defendant asserts that if released, he could self-quarantine in solidary at his mother's home in Antioch, Tennessee. [DN 34 at 82]. If true, it appears this plan would mitigate Defendant's overall COVID-19 risk. Accordingly, this factor weights in favor of release.

### iv. The Likelihood That the Defendant's Proposed Release Would Increase COVID-19 Risks to Others

According to Defendant's proposed release plan, he could self-quarantine in solidary at his mother home. Thus, this plan would theoretically lower COIVID-19 risks to others. However, "[a] defendant who is unable to comply with conditions of release poses potential risks to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *United States v. Smoot,* No. 2:19-CR-20, *3 2020 WL 1501810 (S.D. Ohio March 30, 2020) (quoting *Clark,* No. 19-40068-01-HLT, *7 2020 WL 1446895). As noted in the Court's prior memorandum opinion, Defendant has a history of participating in criminal activity while on parole and of evading law enforcement. [*See* DN 29 at 72]. Given his history, this Court finds Defendant's release would increase the risk of COVID-19 transmission to others.

After evaluating the *Clark* factors, the Court finds Defendant has not established compelling reasons for release. There is currently no outbreak at his facility and the facility is taking measures to combat any possible outbreak. The reasons Magistrate Judge King ordered Defendant detained still exist and Defendant has not provided any evidence that those concerns have materially changed. Accordingly, Defendant's Motion for Release, [DN 34], is DENIED.

### II. Motion for Speedy Trial

Next, Defendant has filed a motion asserting that he has been denied his right to a speedy trial. [DN 34-1 at 90]. Defendant was charged with one count of being a felon in possession of a firearm on January 15, 2020. [DN 1]. On February 13, 2020, Defendant appeared in federal court pursuant to a Writ. [DN 9]. The court held an initial appearance and Defendant waived his right to a detention hearing at that time. *Id.* On April 3, 2020, the Court conducted a telephonic conference, during which Defendant's counsel, Mr. Shouse, requested additional time to review discovery and requested a second telephonic conference. [DN 18]. The conference was scheduled for May 11, 2020 and Defendant agreed that this time should be excluded from the Speedy Trial Act. *Id.* The Court agreed the exclusion was in the interest of justice. *Id.*

On May 11, 2020, the Court conducted a second telephonic conference. [DN 22]. Defense counsel again requested additional time to review discovery and discuss resolution of the case with the Government. *Id.* A third telephonic conference was scheduled for June 15, 2020. *Id.* Defense counsel agreed, that in the interest of justice, the period of delay between delay between May 11, 2020 and June 15, 2020 should be excluded from the time allowed for a speedy trial. *Id.*

On May 19, 2020, Defendant's counsel withdrew from the case and Mr. Womack filed an entry of appearance on behalf of Defendant. [DN 23]. On May 22, 2020, Defendant filed a motion to reconsider his pretrial detention and asked the Court to schedule a trial in compliance with the

7

Speedy Trial Act. [DN 24 at 53]. On June 9, 2020, the Court denied Defendant's motion for reconsideration and agreed to discuss a trial date during the telephonic conference scheduled for June 15, 2020. [DN 29]. However, defense counsel contacted the Court and requested that the telephonic conference be rescheduled to June 24, 2020. [DN 30]. Defendant agreed the period of time between June 15, 2020 and June 24, 2020 should be excluded from the Speedy Trial Act. *Id.*

On June 24, 2020, the Court held a telephonic conference. [DN 32]. During this conference, defense counsel made an oral motion for a speedy trial. *Id.* However, the Court denied the motion after finding:

> Defense counsel's medical procedures, medical appointments and COVID-19 have limited defendant counsel's accessibility to defendant. Simply put, defendant's counsel needs additional time to review discovery with his client and to have further conferences with the United States. In the interest of justice all of this time should be excluded from the Speedy Trial Act, as stated in the official record.

*Id*. The Court scheduled a telephonic conference for July 22, 2020 and determined that in the interest of justice, the delay between June 24, 2020 and July 22, 2020 was excluded from the Speedy Trial Act. *Id.*

On July 8, 2020, Defendant filed the instant *pro se* motion for release due to COVID-19 and asserted that his right to a speedy trial had been violated. [DN 34]. Subsequently, his attorney filed a motion to withdraw due to irreconcilable differences and fundamental disagreements regarding pretrial and trial strategies. [DN 36]. On July 22, 2020, the Court conducted a telephonic conference and granted defense counsel's motion to withdraw. Additionally, the Court appointed a federal defender and scheduled a telephonic conference for August 28, 2020. The Court found that in the interest of justice, the time between July 22, 2020 and August 28, 2020 should be excluded from the Speedy Trial Act.

Finally, the Court notes that in the months since Defendant was indicted, the country has been deeply affected by a global pandemic. Chief Judge Stivers has entered several General Orders in response to COVID-19 cases in the Commonwealth of Kentucky, many of which continued all criminal trials subject to further orders from the Court. Moreover, General Order 20-02 stated:

> [D]ue to the Court's reduced ability to obtain an adequate spectrum of jurors, counsel and Court staff to be present in the courtroom and based on public health recommendations and the severity of risk posed to the public the time period of the continuance caused by this General Order shall be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuance outweigh the best interests of the public and the defendant's right to a more speedy trial. 18 U.S.C. § 3161(h)(7)(A). . . . The district judge assigned to the matter may extend this period if circumstances warrant.

In light of Chief Judge Stiver's General Orders and the public health considerations discussed therein, discontinuity of defense counsel, and defense counsel's repeated requests to delay these proceedings, the Court finds that the ends of justice served in continuing Defendant's trial outweigh Defendant's right to a more speedy trial. 18 U.S.C. § 3161(h)(7)(A). As such, Defendant's right to a speedy trial has not been violated and his motion, [DN 34], is DENIED.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Defendant's Motion for Pretrial Release and Motion for Speedy Trial, [DN 34], are **DENIED**.

**IT IS SO ORDERED**.

CC: Attorneys of Record

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

July 24, 2020