**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:20-cr-00002-TBR**

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

BRANDON DEMAR SMITH                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Brandon Smith's ("Smith") Motion to Dismiss. [DN 45]. The government has responded. [DN 46]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Smith's Motion to Dismiss on Grounds of Outrageous Government Conduct [DN 45] is **DENIED**.

**I. Background**

On July 6, 2019, Kentucky State Police officers allegedly observed Smith's vehicle traveling over the speed limit. The officers conducted a traffic stop and a K9 unit ran a dog around Smith's vehicle. The dog allegedly alerted on the vehicle and Smith was detained. Officers found $6,000 on Smith's person and a loaded firearm in the vehicle. Smith was charged in Todd Circuit Court with speeding five miles per hour over the limit; reckless driving; being a convicted felon in possession of a handgun; using restricted ammo during a felony; and being a persistent felony offender. The next day, Smith posted a $1,200 cash bond.

On July 10, 2019, Hopkinsville officers allegedly observed Smith driving a vehicle without wearing a seatbelt. When officers attempted to stop Smith, he fled. Smith allegedly ran a red light and collided with a passenger car containing two adults and two children. The government states that it has a witness who will testify that Smith then exited his vehicle and attempted to flee on foot with a firearm in hand. Smith was ultimately apprehended, and officers found $8,000 on his

person. Smith was charged in Christian Circuit Court with being a convicted felon in possession of a handgun; tampering with physical evidence; four counts of wanton endangerment; fleeing or evading police; enhanced possession of a controlled substance; and failure to wear a seat belt. On January 14, 2020, Smith was indicted in federal court on one count of being a felon in possession of a firearm during the July 10th incident. [DN 1].

## II. Discussion

The due process defense asserted by Smith grew out of dicta in *United States v. Russell*, in which the Supreme Court speculated: "[W]e may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction...." 411 U.S. 423, 431-32 (1973) (citation omitted).

In *Russell,* an undercover agent met Russell and his codefendants at Russell's home. *Id.* at 425. The agent told them he was looking to control the manufacture and distribution of methamphetamine. *Id.* The agent provided the defendants with "an essential ingredient in the manufacture of methamphetamine". *Id.* Shortly after, a co-defendant showed the agent the laboratory where the methamphetamine was being produced. *Id.* The agent returned to the home on several occasions and witnessed defendants manufacturing drugs each time. *Id.* at 426. Russell argued the agent's actions constituted entrapment as a matter of law. *Id.* at 427. The Court considered whether the agent's actions were outrageous in the context of entrapment.

The Sixth Circuit has defined four factors to guide the determination of whether police conduct violated due process principles. "These factors are: the need for the type of government conduct in relationship to the criminal activity; the preexistence of a criminal enterprise; the level of the direction or control of the criminal enterprise by the government; the impact of the

government activity to create the commission of the criminal activity." *United States v. Johnson*, 855 F.2d 299, 304-305 (6th Cir. 1988) (citing *United States v. Robinson*, 763 F.2d 778, 785 (6th Cir. 1985)); "These factors are for guidance only, and therefore, the presence of each factor need not be shown." *United States v. Foster*, 835 F. Supp. 360, 365 (E.D. Mich. 1993). Other courts in this circuit have held that in order "to establish such a defense a defendant must show that the Government's involvement in creating his crime…violates the fundamental principles of due process." *United States v. Shaw,* 684 F. Supp. 2d 914, 918 (W.D. Ky. 2010) (internal quotations omitted) (collecting cases).

Here, Smith alleges he was improperly targeted by law enforcement officials. However, he provides no evidence to support this claim. Further, there is no evidence of entrapment. Courts have consistently held that the government must be involved in the crime to allege outrageous conduct. Therefore, *Russell* and *Johnson* are not applicable, and this defense is not available.

Smith also alleges the officers involved are unreliable and attacks their credibility. However, these are not ground for dismissal based on outrageous conduct. These are issues Smith may to raise during trial and have the jury determine the credibility of the testimony.

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Smith's Motion to Dismiss [DN 45] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

September 14, 2020

cc: counsel

3