UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:20-cr-00002-TBR

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.

BRANDON DEMAR SMITH                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Brandon Smith's ("Smith") Motion to Prohibit Bad Acts Evidence. [DN 47]. The government has responded. [DN 49]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Smith's Motion to Prohibit Bad Acts Evidence [DN 47] is **GRANTED**.

**I.   Background**

On July 6, 2019, Kentucky State Police officers allegedly observed Smith's vehicle traveling over the speed limit. The officers conducted a traffic stop and a K9 unit ran a dog around Smith's vehicle. The dog allegedly alerted on the vehicle and Smith was detained. Officers found $6,000 on Smith's person and a loaded firearm in the vehicle. Smith was charged in Todd Circuit Court with speeding five miles per hour over the limit; reckless driving; being a convicted felon in possession of a handgun; using restricted ammo during a felony; and being a persistent felony offender. The next day, Smith posted a $1,200 cash bond.

On July 10, 2019, Hopkinsville officers allegedly observed Smith driving a vehicle without wearing a seatbelt. When officers attempted to stop Smith, he fled. Smith allegedly ran a red light and collided with a passenger car containing two adults and two children. The government states that it has a witness who will testify that Smith then exited his vehicle and attempted to flee on foot with a firearm in hand. Smith was ultimately apprehended, and officers found $8,000 on his

person. Smith was charged in Christian Circuit Court with being a convicted felon in possession of a handgun; tampering with physical evidence; four counts of wanton endangerment; fleeing or evading police; enhanced possession of a controlled substance; and failure to wear a seat belt. On January 14, 2020, Smith was indicted in federal court on one count of being a felon in possession of a firearm during the July 10th incident. [DN 1].

The government seeks to introduce evidence of Smith's alleged possession of a firearm on July 6. Smith argues this evidence is prohibited under Federal Rule of Evidence 404(b).

## II.  Discussion

### A.  404(b) Evidence

Rule 404(b) prohibits the introduction of evidence of a person's crimes, wrongs, or other bad acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, Rule 404(b)(2) allows the introduction of such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Courts determine the admissibility of evidence under Rule 404(b) pursuant to a three-step process:

> [T]he court must first consider whether there is a sufficient factual basis that the act occurred; second, whether the act is being offered for an appropriate reason; and third, whether the probative value of the evidence is substantially outweighed by the unfair prejudicial impact of its use at trial.

*United States v. Gibbs*, 797 F.3d 416, 425 (6th Cir. 2015) (citing *United States v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013)).

### 1.  Sufficient Evidence That Other Acts Occurred

First, the Court must "determine whether there is sufficient evidence to support a finding by the jury that the defendant committed" the other act. *United States v. Delaney,* 443 F. App'x

122, 131 (6th Cir. 2011) (quoting *Huddleston v. Unites States,* 485 U.S. 681, 685 (1988)). "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston,* 485 U.S. at 689 (1988).

Here, the government states it intends to call KSP Trooper James Martin who was an officer involved in Smith's July 6 arrest. Trooper Martin allegedly located a pistol in the center console of the vehicle Smith was driving. The testimony of the officer involved in Smith's first arrest would be sufficient evidence for a jury to reasonably find the other act occurred.

However, the Court recognizes Smith was also traveling in a rental vehicle and has maintained his innocence regarding the July 6 incident. The gun was not found on his person but was found in the center console. The presence of a firearm in a vehicle alone is not enough to prove knowledge. *See United States v. Hatfield,* 815 F.2d 1068 (6th Cir. 1987). Therefore, a jury could also reasonably find the other bad act did not occur.

### 2. Admissible for Appropriate Reasons

Next, the Court must consider whether evidence of Defendant's prior conduct would be offered for an appropriate reason. "To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide 'whether that evidence is probative of a material issue other than character.'" *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004) (quoting *Huddleston*, 485 U.S. at 686.

Rule 404(b)(2) provides that, while propensity evidence is not allowed, "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Here, the government states it intends to introduce this evidence to prove Smith's knowledge and intent.

The government must show Smith knowingly possessed the firearm in question. Therefore, his knowledge is at issue. In *United States v. Cassell,* the Court stated "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" 292 F. 3d 788, 793 (D.C. Cir. 2002) (quoting *United States v. King,* 254 F.3d 1098, 1100 (D.C. Cir. 2001)). The Sixth Circuit adopted this holding in *United States v. Davis,* 415 Fed. App'x. 709, 713 (6th Cir. 2011).

In *United States v. Chesney,* Chesney and a codefendant committed a robbery on June 5, 1992. 86 F.3d 564, 572. On June 10, 1992, Chesney and his codefendant were stopped, and a revolver was found in the trunk of the car. *Id.* at 567. "Chesney pleaded guilty to state robbery charges based on the June 5 incident before his federal trial on the felon in possession charge began." *Id.* at 572. During the robbery, Chesney used a gun similar to the one found in the car when he was arrested. *Id.* The Sixth Circuit affirmed the district court's finding that the evidence of the robbery "was admissible under Fed. R. Evid. 404(b) to show knowledge." *Id.*

Here, the government seeks to introduce evidence of the alleged gun possession on July 6 to prove Smith's knowledge of gun possession on July 10. This is the same purpose the government sought to introduce evidence in *Chesney*. Therefore, this is an admissible purpose.

### 3. Rule 403 Balancing

Third, the Court must determine whether the probative value of the evidence at issue is substantially outweighed by the unfair prejudicial impact of its use at trial. Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis." *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citation and quotation marks omitted)). "Such improper grounds include 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged....'" *United States v. Bell*, 516 F.3d 432, 445 (6th Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997)). Under the Rule 403 analysis, courts must "look at the evidence in 'the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.'" *Newsom*, 452 F.3d at 603 (quoting *Bonds*, 12 F.3d at 567 (citation omitted)).

Here, the government first argues the alleged possession of a firearm on July 6, 2019 is central to its case and possession of the firearm cannot be inferred. In support, the government cites to *United States v. Hatfield*. In *Hatfield,* Hatfield was stopped by Sheriff Bowe and Officer McIntyre after they observed Hatfield's van "weaving from one lane to another." 815 F.2d 1068, 1069 (6th Cir. 1987). After searching Hatfield's van, a firearm was located behind the passenger seat. *Id.* at 1070. Hatfield was indicted for being a felon in possession of a firearm. *Id.* At trial, Hatfield "denied knowledge of the presence of the gun in the van". *Id.* at 1072. The district court allowed evidence of police scanners and burglary tools that were also found in Hatfield's van to be admitted. *Id.* at 1070. On appeal, the Sixth Circuit affirmed the district court's decision to admit the other evidence. The Court held, "whether Hatfield knowingly possessed the gun was not inferable from the mere presence of the firearm in the van." *Id.* at 1072.

Here, the circumstances are different. The government has stated it has several witnesses who plan to testify they observed Smith with a firearm when he exited the vehicle on July 10. The

5

government has also stated, "the firearm was found in a muddy field and approximately 6 to 8 feet from the fence Smith was seen jumping over" during pursuit. [DN 49 at 2]. Unlike *Hatfield,* the government states there are eyewitnesses who allegedly witnessed Smith with a firearm and then found one not far from where he was apprehended. A reasonable jury could infer possession from this evidence.

The government argues the proximity between the July 6 incident and the July 10 incident is indicative of the probative value. The Court does agree with the government that the probative value of the evidence is increased due to only four days separating the two incidents. *See United States v. Ismail,* 756 F.2d 1253 (6th Cir. 1985).

However, the Court finds the probative value is substantially outweighed by a danger of unfair prejudice and confusing the issues. Smith currently faces state charges for the alleged possession of a firearm on July 6. However, this firearm is different from the firearm he is charged with possessing on July 10. Due to the similarity of both incidents but the proximity and alleged possession of different firearms, there is a real danger that the issues could be confused. Further, there is a strong likelihood the jury could find Smith guilty due to the prior alleged possession. The fact that Smith is currently facing state charges for the July 6, incident only bolsters the Court's findings.

In the majority of the cases the government cites to where courts allowed evidence of prior possession of a firearm, the defendant was either convicted, the underlying state charge was dismissed, or no charges were brought for the other bad act. Here, although the Court previously stated a jury could reasonably find the other act occurred, Smith would face great prejudice by having to defend against allegations he is facing in another Court. Therefore, this evidence must be excluded.

### III. Conclusion

This case presents a close call for the Court. However, the Court finds the risk of unfair prejudice to Smith is too great to admit this evidence. For the above stated reasons, **IT IS HEREBY ORDERED** that Smith's Motion to Prohibit Bad Acts Evidence [DN 47] is **GRANTED**.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

September 16, 2020

cc: counsel