**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CRIMINAL ACTION NO. 5:20-cr-00002-TBR**

UNITED STATES OF AMERICA                                                                            PLAINTIFF

v.

BRANDON DEMAR SMITH                                                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant Brandon Smith ("Smith") filed a Motion *In Limine* to Exclude Police Radio Traffic Transmissions. [DN 64]. The Court held a telephonic further proceeding on October 8, 2020. During this call the Court also heard oral arguments over the admission of radio traffic transmissions between officers and dispatchers. **IT IS HEREBY ORDERED** that Smith's Motiton *In Limine* to Exclude Police Radio Traffic Transmissions [DN 64] is **DENIED**.

**I. Background**

The government has stated it intends to enter into evidence recordings of radio traffic transmissions between officers and dispatch from July 10, 2019. On the radio transmission, an officer states he saw Smith with a gun. Smith argues this recording is not admissible under either the prior consistent statement exclusion or the public records exception. During the telephonic further proceeding, Smith also argued the recording is not admissible because it is cumulative due to the availability of the officers to testify during trial. The government argues the evidence is admissible under the present sense impression exception. The Court agrees with the government.

**II. Discussion**

**A. Prior Consistent Statement**

Federal Rule of Evidence 801(d) states, in relevant part:

1

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
>> (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
>>
>>> (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;
>>>
>>> (B) is consistent with the declarant's testimony and is offered:
>>>
>>>> (i)  to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying;…

Smith is correct that the recording is only admissible under this hearsay exclusion if Smith explicitly or impliedly argues the declarant officer only recently claimed he saw Smith with a gun on July 10, 2019. The recording is not admissible, at this point, under this exclusion.

**B.  Public Record**

Federal Rule of Evidence 803 provides exceptions to the rule against hearsay regardless of the availability of the declarant. FRE 803(8) states:

> (8) Public Records. A record or statement of a public office if:
>
>> (A) it sets out:
>>
>>> (i) the office's activities;
>>>
>>> (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel;…

Smith cites to *United States. V. Orellana-Blanco* to support his position. In *Orellana-Blanco,* Immigration and Naturalization Service (INS) officer Kendall interviewed Orellana-Blanco "as part of the process by which Orellana-Blanco hoped to receive his 'green card,' or permanent resident alien status." 294 F.3d 1143, 1146 (9th Cir. 2002). Orellana-Blanco was later criminally charged and found guilty of marriage fraud and making a false statement on an

immigration document. *Id.* at 1145. The trial court admitted an exhibit that was purportedly a sworn statement by Orellana-Blanco from this interview. *Id.* at 1147. Officer Kendall did not testify at trial. *Id.*

The Ninth Circuit found the exhibit was "admitted in violation of the hearsay rule." *Id.* at 1151. In support, the Court noted the "interview such as the one in the exhibit is adversarial in nature." Orellana-Blanco was separated from his wife, obviously so that they could not coordinate their stories as they told them, and put under oath." *Id.* at 1150.

"[O]bservations by police officers at the scene of ... the apprehension of the defendant are not as reliable as observations by public officials in other cases because of the adversarial nature of the confrontation between the police and the defendant in criminal cases." *United States v. Horned Eagle*, 214 F. Supp. 2d 1040, 1042–43 (D.S.D. 2002) (quoting Advisory Committee Note to Fed.R.Evid. 803(8) (1974 enactment)). Here, the Court recognizes that this evidence would not be admissible under the public records exception. However, the Court is persuaded that this evidence is admissible as a present sense impression.

## C. Present Sense Impression

"The exception for present sense impression permits the introduction into evidence of a 'statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.'" *United States v. Price*, 58 F. App'x 105, 106 (6th Cir. 2003) (quoting Fed. R. Evid. 803(1)).

*United States v. Campbell*, 782 F.Supp. 1258 (N.D. Ill. 1991) presents almost an identical situation to the present case. The defendant filed a motion *in limine* to bar introduction of a tape recording of a witness and a dispatch recording. *Id.* at 1259. James Wilson, a witness, called 911 to report a shooting he witnessed. *Id.* On the recording, Wilson described the shooter to dispatch.

3

*Id.* Officer Schleder called dispatch to report a suspect running away with a gun. *Id.* at 1261. He stated, "I'm running ah westbound, offender with a gun, he's not running behind the school on Browning. Running eastbound. Somebody come up 35th Street." *Id.* He goes on to state, "[h]e just tossed the gun." *Id.* at 1262.

The Court found both statements to be admissible as present sense impressions. *Id.* at 1261, 1262. The defendant objected to the admission of this evidence because both Wilson and Schleder were going to testify at trial. *Id.* Although the Court did not address the defendant's argument, nonetheless, the Court denied defendant's motion *in limine*. *Id.* at 1263.

In *United States v. Cooper,* the government filed a motion *in limine* to admit hearsay statements from a federal officer. 2019 WL 5394622 (E.D. N.Y. Oct. 22, 2019). Officer O'Brien made three separate reports to dispatch. *Id.* at 1. Cooper was allegedly driving erratically when O'Brien began following him. *Id.* Cooper came to a stop on an exit ramp. *Id.* O'Brien pulled up next to Cooper and demanded he turn off the engine. *Id.* Cooper did not comply, and O'Brien got out of his vehicle and stood in front of Cooper's car. *Id.* Cooper drove forward and hit O'Brien. *Id.* Once O'Brien got back to his vehicle, he called dispatch and stated, "just tried to pull over New York Tags JCS 8861 in a black hatchback. Subject tried to attempt to hit me. He's now driving east on Belt Parkway, east of Rockaway Parkway." *Id.* at 3.

The Court found the statement was a present sense impression. *Id.* The Court also stated, "[f]urther, O'Brien will testify that he made this statement approximately thirty seconds to one minute after Cooper hit him and as soon as O'Brien returned to his own vehicle. *Id.* at 4. The Court found this statement to be admissible. *Id.*

Smith points to a Texas Appellate Court case to support his argument that this evidence should not be admitted as a present sense impression. In *Eggert v. State,* Officer Navarijo stopped

4

Eggert for speeding and Eggert pulled over to the side of the road. 395 S.W.3d 240, 241 (Tex. App. 2012). Eggert "got out of his vehicle and approached the officer's patrol car." *Id.* When Eggert walked back to his vehicle, Officer Navarijo noticed empty bottles of alcohol in the vehicle. *Id.* Officer Navarijo wrote Eggert "a ticket for speeding and then asked him whether he wanted to complete any sobriety tests, which [Eggert] refused." *Id.* at 242. "Officer Navarijo then placed [Eggert] under arrest on suspicion of driving while intoxicated." *Id.* Navarijo then "searched an inventoried [Eggert's] vehicle". *Id.* "The stop was recorded by video tape, complete with audio. During the stop, Officer Navarijo went back to his patrol vehicle to record his own statements about [Eggert's] condition and what he had observed. The tape also had audio of Officer Navarijo's statements as he inventoried appellant's car." *Id.* The trial court admitted the video with audio. *Id.*

The government argued Navarijo's narrative while searching Eggert's car was admissible as a present sense impression. *Id.* at 244. The appellate court ruled it was error for the trial court to admit this audio. *Id.*

Here, the situation differs from *Eggert*. The circumstances the officers in the present case made the statements differs substantially from the circumstances in *Eggert*. Officer Navarijo clearly turned his body cam back on to document his search in an investigation. At the moment the statement was made, Eggert was already under arrest. "As Officer Navarijo pulled the bottles out of the vehicle, the comments he made about the type, brand, and number were comments made for the purpose of putting together evidence against [Eggert] and, for that reasons, were testimonial statements that cannot be considered the 'non-narrative, off-hand comments' the present sense impression exception is designed to allow." *Id.* The officers here were not putting evidence together when they stated Smith had a gun.

5

Like *Cooper and Campbell,* the officers who are heard over the radio stating they saw Smith with a gun will testify. Therefore, the Confrontation Clause issues Smith points to are not at issue in this present case. The statement by the officer is a statement describing the alleged events. The officer was also on the scene perceiving the alleged events. Finally, the statements were made while the officers perceived the alleged event. Therefore, this statement qualifies as a present sense impression and is admissible.

**IT IS HEREBY ORDERED** that Smith's Motiton *In Limine* to Exclude Police Radio Traffic Transmissions [DN 64] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 9, 2020

cc: counsel