UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:20-CR-00002-TBR

FILED
VANESSA L. ARMSTRONG, CLERK

OCT 14 2020

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES**

**v.**

**BRANDON DEMAR SMITH**

**JURY INSTRUCTIONS**

### INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### INSTRUCTION NO. 3

### Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 4

### Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 6

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 7

### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 8

### Witness Testifying to Both Facts and Opinions

You have heard the testimony of Alcohol, Tobacco, Firearms, and Explosives Special Agent, Kevin Cruce, who testified to both facts and opinions regarding his analysis of the firearm and its connection to interstate commerce. As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses. As to the testimony on opinions, you do not have to accept Special Agent Cruce's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 9

### Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The parties for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 10

### Introduction of the Elements

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.   In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

## INSTRUCTION NO. 11

### Stipulations

The government and the defendant have agreed, or stipulated, to certain facts.  Therefore,

you must accept the following stipulated facts as proved:

(A)  That before July 10, 2019, the defendant had been convicted of a crime punishable by imprisonment for more than one year.

(B) That before July 10, 2019, the Defendant had knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense.

INSTRUCTION NO. 12

**Elements of Count 1: Possession of Firearm by Convicted Felon (18 U.S.C. § 922(g)(1))**

(1)     Count 1 of the indictment charges the defendant with being a convicted felon in possession of a firearm. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) **First:** That prior to July 10, 2019 the defendant has been convicted of a crime punishable by imprisonment for more than one year. [The government and the defendant have agreed that prior to July 10, 2019, defendant has previously been convicted of a crime punishable by imprisonment for more than one year.]

(B) **Second:** That the defendant, following his conviction, knowingly possessed a Kahr Arms, model CW40, .40 caliber semi-automatic pistol, bearing serial number FF3196.

(C) **Third:** That before July 10, 2019, the defendant had knowledge that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that is, a felony offense. [The government and the defendant have agreed that, before July 10, 2019, the defendant had knowledge that he had previously been convicted of a crime punishable by imprisonment for more than one year.]

(D) **Fourth:** That the Kahr Arms, model CW40, .40 caliber semi-automatic pistol, bearing serial number FF3196 crossed a state line prior to the alleged possession. [It is sufficient for this element to show that the firearm was manufactured in a state other than the Commonwealth of Kentucky.]

(2)     Now I will give you more detailed instructions on some of these elements. The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(A) To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

> (B) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend. But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. [The government and defendant agree that the weapon is a firearm.]

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3)     If you are convinced that the government has proved all elements A through D listed above, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 13

### Defendant's Testimony or Failure to Testify

A defendant has an absolute right not to testify or present evidence. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations. Remember it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

## INSTRUCTION NO. 14

### Flight, Concealment of Evidence, False Exculpatory Statements

(1) You have heard testimony that after the crime was supposed to have been committed, the defendant fled from law enforcement and attempted to dispose of the firearm.

(2) If you believe that the defendant fled from law enforcement and attempted to dispose of the firearm, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may flee for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

## INSTRUCTION NO. 15

### Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

### INSTRUCTION NO. 16

### Deliberations and Verdict

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## INSTRUCTION NO. 17

### Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 18

### Unanimous Verdict

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 19

### Verdict

I have prepared verdict forms that you should use to record your verdict. Those forms are located at the end of these instructions.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms. Your foreperson should then sign the forms, put the date on them, and return them to me.

## INSTRUCTION NO. 20

### Verdict Limited to Charges against This Defendant

Remember that the defendant is only on trial for the crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

**INSTRUCTION NO. 21**

**Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## INSTRUCTION NO. 22

### Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:20-CR-00002-TBR

UNITED STATES OF AMERICA,                                    PLAINTIFF

v.

BRANDON DEMAR SMITH                                          DEFENDANT

<u>JURY VERDICT FORM</u>

We, the jury, unanimously find the following:

**COUNT 1**

**Question 1**.  With respect to the charge in count 1 of the indictment for being a convicted

felon in possession of a firearm, we find the defendant Brandon Demar Smith:

Guilty _____          Not Guilty _____


_____          _____
Foreperson                                                         Date


**Your verdict form is complete, and you should return to the courtroom. Thank you
for your service.**